Bromley Plating Company, a Michigan Corporation v. Commissioner.
Bromley Plating Co. v. Commissioner
Docket No. 68536.
United States Tax Court
T.C. Memo 1958-217; 1958 Tax Ct. Memo LEXIS 1; 17 T.C.M. (CCH) 1074; T.C.M. (RIA) 58217; December 31, 1958
*1 Clarence A. Bradford, Esq., 932 Buhl Building, Detroit, Mich., for the petitioner. Walter T. Hart, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined deficiencies in petitioner's income tax as follows: Year
Deficiency
1951
$30,868.01
1952
5,901.86
1953
11,891.16 The following issues are presented: (1) Whether respondent erred in disallowing deductions claimed for travel, entertainment, customers' relations and sales promotion expenses in the amounts of $16,605.36, $14,898.97 and $13,405.80 for the years 1951, 1952 and 1953, respectively; (2) whether the respondent erred in disallowing a deduction claimed for plating supplies in the amount of $7,155.22 for the year 1951; (3) whether respondent erred in disallowing a deduction claimed for officer's salary in the amount of $20,000 for the year 1951; (4) whether respondent erred in disallowing deductions claimed for expenses incurred in connection with a farm in the amounts of $11,322.48 and $13,303.55 for the years 1951 and 1952, respectively, and in disallowing deductions claimed for taxes paid on the farm in the amount of $285.57 for the *2 year 1951; (5) whether respondent erred in disallowing deductions claimed as losses in connection with sales of a farm in the amounts of $21,865.74 and $14,125.00 for the years 1952 and 1953, respectively; (6) whether respondent erred in determining that a net operating loss deduction for the year 1952, resulting from a net operating loss carryback from the year 1954, was limited to $2,363.43; (7) whether petitioner's claim for refund for the year 1951 should be allowed. Findings of Fact During the years involved the petitioner was a corporation organized and existing under the laws of Michigan. Its income tax returns for the calendar years 1951, 1952 and 1953 were filed with the collector or district director of internal revenue at Detroit, Michigan. Petitioner was in the metal plating business. In 1951, Max Conway, who had no experience in the plating business, acquired 50 per cent of the capital stock of petitioner. Prior to that time the petitioner was entirely owned by Chester Marshall. After Conway acquired said capital stock he became petitioner's president. Marshall, who had experience in the plating business, was the petitioner's general manager. Conway co-signed petitioner's *3 checks. The following schedule reflects certain items of deduction claimed by petitioner on its tax returns: 1951
1952
1953
Travel Expenses
$ 817.90
$ 3,659.40
$ 884.37
Sales Promotion
4,941.01
3,126.50
6,412.28
Customers' Relations
6,887.95
10,245.56
Selling Expense
9,815.45
1,573.58
Sales Entertainment
14,228.31
Compensation of Officers
25,000.00
Farm Expenses (including depreciation)
11,322.48
14,201.55
Real Estate and Personal Property Taxes
2,070.73
1,194.70
Loss on Sale of Farm
21,865.74
14,125.00 On Schedule "D" of its income tax return for 1952, petitioner reported that it had acquired a farm on January 1, 1951, which had a basis of $79,313.05. It appears that the items of farm expense and losses set out above relate to the operation and sale of this farm. Opinion This proceeding principally involves respondent's disallowance of a number of items claimed by petitioner as deductions on its income tax returns and his determination of deficiencies as a result thereof. The fundamental rule is that respondent's determinations will be sustained unless the taxpayer proves them to be erroneous. . *4 The issues involved primarily present questions of fact. Except for the petitioner's income tax returns for the years involved and a copy of the revenue agent's report, the only evidence presented by petitioner was the brief and very general testimony of Max Conway. We will now consider the disputed items. Issue I Respondent partially disallowed amounts claimed by petitioner for travel, selling customers' relations and sales promotion expenses during each of the years in issue because "they were not ordinary and necessary expenditures directly connected with or pertaining to your [petitioner's] business and/or lacked substantiation." All expenses must, of course, be shown to be ordinary and necessary in the taxpayer's business in order that they may be deducted as business expenses: Accordingly, where a deduction for such expenses is disallowed by respondent, the taxpayer may not prevail unless the evidence discloses the nature and character of the expenses involved sufficiently to demonstrate that such expenses were ordinary and necessary in the conduct of his business. From the record it appears that the major portion of the deduction involved in this issue is claimed by petitioner *5 as expenses incurred in the general entertainment of purchasing agents of customers. The only evidence presented by petitioner which could be considered to relate to this issue was Max Conway's testimony that it was necessary to "wine and dine" purchasing agents. His testimony is clearly insufficient to demonstrate that respondent's determination is erroneous. It does not purport to disclose any of the facts underlying the claimed expenses which must be shown before an expense may be determined to be ordinary and necessary. It is to be noted that respondent has not disallowed the entire amount of such expenses claimed by petitioner as deductions. As the record stands, we cannot find that petitioner is entitled to a deduction any greater than that allowed by respondent. Petitioner has failed to carry its burden of proof and respondent's determination with respect to this issue is sustained. Issue II Respondent disallowed a deduction claimed by petitioner for plating supplies for the year 1951 because of "lack of substantiation that it was ordinary and necessary, also because it was in contravention of public policy." The only evidence introduced by petitioner with respect to this *6 item was Conway's testimony that the petitioner purchased certain nickel needed by petitioner, and that it was paid for in cash. Conway was unable to state the amount of the purchase price, except that "it was quite a bit." He did not state from whom the nickel was allegedly purchased, and no other evidence was introduced to show that any nickel was purchased, or that it was this alleged purchase of nickel which was the subject of respondent's disallowance of plating expenses. This meager evidence is insufficient to carry petitioner's burden and respondent is sustained on this issue. Issue III Respondent disallowed $20,000 of the $25,000 claimed by petitioner as an expense for Max Conway's salary for the year 1951 on the ground of "unreasonableness." Petitioner assigned error to this adjustment. It is well settled that the question of what constitutes reasonable compensation to an officer of a corporation is essentially a question of fact. . The difficulty with petitioner's position is that it has not presented facts in its support. Conway testified that he was at the plant from four to sixteen hours per *7 day. However, it appeared at the hearing that he knew very little about petitioner's business. He admitted that he had no experience in the plating business and that Chester Marshall, who had been in the plating business for a number of years, was petitioner's general manager. Other than the co-signing of petitioner's checks, there was no evidence as to the nature of Conway's duties. On the record presented petitioner has failed to carry its burden of proof and respondent's determination is sustained. Issue IV Respondent disallowed certain farm expenses and taxes in the amounts of $11,608.85 and $13,303.35 claimed by petitioner as deductions on its returns for the years 1951 and 1952, respectively, because "they were not ordinary and necessary expenditures directly connected with or pertaining to your [petitioner's] business." Again, the only evidence presented was Conway's testimony. His explanation regarding the reason petitioner purchased and operated the farm was as follows: "Well, it seems to me the customers he had all wanted to go fishing, hunting, and we started buying meat and chickens and eggs, so we decided it would be cheaper to own a farm and not go out and buy *8 all that stuff." From Conway's testimony it appears that the only business purpose claimed to have been involved in the operation of the farm was additional entertainment for customers. A much more revealing disclosure of the facts involved demonstrating the relationship of the farm and its expenses to the plating business would be necessary in order for petitioner to be allowed to deduct farm expenses as ordinary and necessary in the plating business, especially when the deductions claimed are such substantial amounts. On the record before us petitioner has completely failed to demonstrate that any amount of the farm expenses disallowed by respondent were ordinary and necessary business expenses and respondent's determination is sustained. Issue V Respondent disallowed losses claimed in 1952 and 1953 from the sale of a farm on the ground that "they were capital losses and also because the sales were not bona fide." Conway testified he "insisted on selling at any price because it [the farm] was losing more money." Conway was unable to recall whether there was a sale of the farm in 1953 and no other evidence was presented. This meager evidence is insufficient to demonstrate *9 that respondent's determination is erroneous and accordingly his disallowance of the claimed losses is sustained. Issue VI Respondent determined that a portion of the net operating loss deduction for the year 1952 resulting from the carry-back of a net operating loss for the year 1954 was not deductible. No evidence was presented by petitioner with regard to this issue and respondent's determination is sustained. Issue VII In paragraph 4(g) of its petition, the petitioner assigned error to respondent's failure to allow a claim for refund filed for 1951. Neither the claim for refund nor any evidence with respect thereto was made a part of the record of this proceeding. Petitioner has failed to carry its burden of proof and respondent's determination is accordingly sustained. Decision will be entered for the respondent.